PROB 12C
(Rev. 2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 34]

Name of Offender: Tyrone Eugene Dunlap          Case Number: 3:08-00224

Name of Judicial Officer: Honorable William J. Haynes, Jr., Chief U.S. District Judge

Date of Original Sentence: June 26, 2009

Original Offense: 18 U.S.C. §§ 922(g)(1) Felon in Possession of a Firearm

Original Sentence: 37 months' custody followed by three years' supervised release

Type of Supervision: Supervised release          Date Supervision Commenced: March 30, 2012

Assistant U.S. Attorney: Lee Deneke          Defense Attorney: Ronald C. Small

## PETITIONING THE COURT

    __X__    To Consider Additional Violation/Information.
    _____    To issue a Summons.
    _____    To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violation/Information

Considered this ____ day of _____, 2013,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury
that the foregoing is true and correct.
Respectfully submitted,

_____
Kimberly Haney
U.S. Probation Officer

Place    Nashville, TN

Date    December 20, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 34 has been amended as follows:

**Violation No. 3 - has been added to include federal, state, or local crimes.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall not commit another federal, state, or local crime.**

   On or about May 19, 2013, Mr. Dunlap allegedly committed the offense of Assault, Domestic Fear of Bodily Injury, a class A misdemeanor, in Nashville, Davidson County, Tennessee. The case has been bound over to the Grand Jury.

   According to the affidavit of complaint, police were dispatched to 309 Fairbanks Road, Goodlettesville, Tennessee, in response to a domestic disturbance. The victim, Yolanda Patterson, informed the police officer that Mr. Dunlap became angry and violent with her after an argument over beer and food. Ms. Patterson stated that Mr. Dunlap began violently pushing her in the home causing her to hit the wall several times. Ms. Patterson stated that Mr. Dunlap has attacked her in the past and she called for police assistance out of fear of bodily injury. A witness informed the police that Mr. Dunlap came into his home determined to fight Ms. Patterson. The witness stated that Mr. Dunlap pushed Ms. Patterson violently and threw back his fists causing her to fear being punched in the face. The witness stated that Mr. Dunlap fled the scene when the police were called to the scene. Ms. Patterson stated to the police that she is unable to prosecute at this time. The police responded by seeking warrants against Mr. Dunlap for domestic assault. Mr. Dunlap was arrested on this warrant on July 2, 2013, and later released on bond. The case is still pending before the Grand Jury.

2.
   **The defendant shall not illegally possess a controlled substance.**

   On July 2, 2013, Mr. Dunlap was arrested for Unlawful Possession of a Controlled Substance, a class A misdemeanor; Evading Arrest, a class A misdemeanor; and Open Container Law, a class A misdemeanor, by Metropolitan Nashville Police Department in Nashville, Davidson County, Tennessee. He was scheduled to appear in court on August 7, 2013. The case was bound over to the Grand Jury.

   According to the affidavit, a police officer observed Mr. Dunlap driving on Litton Avenue towards Gallatin Pike. There is a traffic signal at this intersection, and Mr. Dunlap approached a red light. Mr. Dunlap made a right turn at the red light, but he failed to come to a complete stop before doing so. The police officer initiated the traffic stop and asked Mr. Dunlap for his driver's license. Mr. Dunlap gave the officer his driver's license. When

the verified Mr. Dunlap's information, a computer check revealed an outstanding arrest warrant for domestic violence. The officer approached Mr. Dunlap's vehicle and asked him to step out. When Mr. Dunlap got out of the vehicle, the officer informed him he was under arrest. Mr. Dunlap asked the officer why he was under arrest and then fled on foot. Mr. Dunlap was apprehended. When the officer returned to Mr. Dunlap's vehicle, in plain view was an open container of alcohol located between the driver's seat and the center console. Mr. Dunlap was the sole occupant of the vehicle. During an inventory search of the vehicle, the police located Mr. Dunlap's wallet. Inside the wallet was 1.4 grams of a substance consistent with crack cocaine. The substance was field tested and it tested positive for a cocaine base. Mr. Dunlap was taken to jail.

3.
New
Violation

**The defendant shall not commit another federal, state, or local crime.**

On or about December 13, 2013, Mr. Dunlap allegedly committed the offense of Driving Under the Influence, a class A misdemeanor, and Implied Consent, a class A misdemeanor, in Nashville, Davidson County, Tennessee. He is scheduled to appear in court on January 9, 2014.

According to the affidavit of complaint, a police officer with Metropolitan Nashville Police Department stopped Mr. Dunlap for erratic driving (vehicle was moving straight down the land divider lines on Jefferson Street bridge and weaving slightly). Upon approaching the vehicle and making contact with Mr. Dunlap, the police officer detected an odor of alcohol coming from within the vehicle. The officer asked Mr. Dunlap if he had consumed any alcohol and Mr. Dunlap replied that he had consumed one drink. Mr. Dunlap agreed to exit the vehicle and he performed a field sobriety tests. He displayed all six indicators of impairment. Mr. Dunlap then became agitated and declined to perform the remaining field sobriety tasks. As the officer spoke with Mr. Dunlap in the open air, he could smell an obvious odor of alcoholic beverage coming from Mr. Dunlap's expelled breath. The police officer noticed that Mr. Dunlap had bloodshot and watery eyes, slurred speech, and he swayed as he stood in place. Based on these factors, the police officer placed Mr. Dunlap under arrest for suspicion of operating a motor vehicle while under the influence of an intoxicant.

A second police officer arrived on the scene for assistance. Mr. Dunlap was read his Miranda rights, and he stated that he did not want to do any more field sobriety tests and take him to jail. As the police officer spoke with Mr. Dunlap in the open air, he could smell an obvious odor of an alcoholic beverage coming from his expelled breath. The second police officer also noticed that Mr. Dunlap swayed as he stood in place and appeared unsteady on his feet. After Mr. Dunlap was placed under arrest, the police officer read him the Tennessee Implied Consent Law. Mr. Dunlap stated that he understood and refused to submit to a breath alcohol test.

## Compliance with Supervision Conditions and Prior Interventions:

Tyrone Eugene Dunlap began his term of supervised release on March 30, 2012. His term of supervision is scheduled to expire on March 29, 2015. Mr. Dunlap was employed at Parthenon Metal as a machine operator since October 1, 2012. As a result of this arrest, Mr. Dunlap was terminated from his employment. Currently, he is working through a temporary service and placed at Tru Green as a general laborer.

Mr. Dunlap was referred to Centerstone Mental Health for a substance abuse assessment on November 1, 2012, after he tested positive for cocaine use on October 22, 2012. He was assessed on December 4, 2012, and it was recommended that he participate in the low intensity outpatient treatment program to address his substance abuse needs and individual therapy to address his mental health needs. Mr. Dunlap has expressed current and past depressive symptoms as a result of his previous experiences with law enforcement and never finishing anything he starts. He also noted that his anger is an issue and he is easily "set off." Monthly contact with the treatment provider indicated that Mr. Dunlap has accepted the fact of his substance abuse and/or dependency. Due to his feelings of regret and guilt of things which occurred in the past, Mr. Dunlap expressed that he started to drink more. These issues were addressed in his substance abuse therapy sessions. The therapist at Centerstone Mental Health recommended to discontinue Mr. Dunlap's individual sessions, but he should continue in group sessions. Mr. Dunlap has not tested positive for any illegal drug use since October 2012.

On July 2, 2013, this officer received a voicemail from an officer with the Davidson County Sheriff's Department, pretrial services division. The officer stated Mr. Dunlap was arrested for domestic assault, evading arrest, simple possession, and open container. His bond was set at $17,500.

On July 5, 2013, this officer spoke with Mr. Dunlap who advised the alleged victim, Yolanda Patterson, is his sister. He was unaware of the warrant until he was stopped by the police on July 2, 2013, for a driving offense. This officer contacted Ms. Patterson after speaking with Mr. Dunlap. Ms. Patterson stated she told the police officer that she did not want to press charges against her brother, but the police officer swore out the domestic violence warrant on her behalf. She related she was not injured, and she and her brother have spoken since the incident and forgiven one another. Ms. Patterson stressed how much she loves her brother, and she does not want him to go to jail. She had no plans to appear in court on August 7, 2013, to testify against her brother.

On December 5, 2013, Mr. Dunlap was recommended for successful termination from the substance abuse treatment at Centerstone Mental Health. He has not tested positive for any illegal drugs at the probation office.

On December 13, 2013, the probation officer received a voicemail from an officer with Metropolitan Nashville Police Department. The officer stated Mr. Dunlap was arrested for Driving Under the Influence and Implied Consent. He was released on a $2,500 bond on December 14, 2013. The probation officer has not been able to contact Mr. Dunlap since his arrest.

## Update of Offender Characteristics:

There is no additional information relevant to this section that has not already been provided in this petition.

## U.S. Probation Officer Recommendation:

It is respectfully requested that the additional violation be considered at the revocation hearing scheduled for May 12, 2014, to be held before Your Honor. Additionally, it is recommended that Mr. Dunlap continue on supervised release until his revocation hearing with increased drug testing and to return to Centerstone Mental Health to resume substance abuse treatment. The new violation has been discussed with Assistant U.S. Attorney Lee Deneke who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. TYRONE EUGENE DUNLAP, CASE NO. 3:08-00224

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 5-11 months *U.S.S.G. § 7B1.4* | No recommendation |
| **SUPERVISED RELEASE:** | 36 months less any term of imprisonment *18 U.S.C. 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

**Statutory Provisions:** 18 U.S.C. § 3583(g)(1) allows for mandatory revocation for possession of a controlled substance in violation of the condition set forth in subsection (d). The Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(2), upon a finding a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

Kimberly Haney
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Tyrone Dunlap

2. **Docket Number** *(Year-Sequence-Defendant No.)* 3:08-00224

3. **District/Office** Middel District of Tennessee at Nashville

4. **Original Sentence Date** 06 / 26 / 2009
                                   *month   day   year*

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | 1. Assault, Domestic Fear of Bodily Injury | C |
   | 2. Unlawful Possession of a Controlled Substance and Open Container Law | C |
   | 3. Driving Under the Influence and Implied Consent Law | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     C

9. **Criminal History Category** *(see §7B1.4(a))*     III

10. **Range of Imprisonment** *(see §7B1.4(a))*     5-11 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____     Community Confinement _____

Fine($)     _____        Home Detention         _____

Other       _____        Intermittent Confinement _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____
imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002